UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INGRID YEARBY,

    Plaintiff,                                        CASE NO.

        v.

H&P CAPITAL, INC.,

    Defendant.

_____/

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, INGRID YEARBY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, H&P CAPITAL, INC. ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the State of Florida establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Palm City, Martin County, Florida.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a business entity with a business office located at 7960 Baymeadows Way, Building 6, Suite 300, Jacksonville, Florida 32256.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacted Plaintiff attempting to collect a debt allegedly owed.

12. The alleged debt arises from transactions for personal purposes.

13. In its collection attempts, Defendant placed telephone calls to Plaintiff.

14. When Plaintiff was unable to answer Defendant's collection calls, Defendant left her voice messages. *See* messages Defendant left for Plaintiff in December 2012, attached hereto as Exhibit A.

15. Defendant made multiple misrepresentations to Plaintiff in an effort to deceive Plaintiff. *See* Exhibit A.

16. Defendant continuously informed Plaintiff that complaints were "filed" against Plaintiff's name and social security number, and informed her that she, or her legal

representative needed to contact Defendant.  *See* Exhibit A.

17. Upon information and belief, neither Defendant nor any entity that Defendant acts on behalf of has filed any legal claim against Plaintiff.

18. Thus, Defendant's suggestion that Plaintiff's "legal representative" needed to contact it was in an effort to scare and deceive Plaintiff.

19. Defendant also stated that it needed to make a "recommendation" regarding Plaintiff's vehicle.  *See* Exhibit A.

20. Defendant continued to reference Plaintiff's vehicle to deceive her into believing Defendant was preparing to seize her personal property.

21. Upon information and belief, neither Defendant nor any entity that Defendant acts on behalf of is legally entitled to seize any property from Plaintiff, attach any of Plaintiff's property, or make any garnishments with respect to Plaintiff.

22. Defendant made multiple representations including, but not limited to, informing Plaintiff that there was a legal claim against Plaintiff.  (See Exhibit A.)

23. Additionally, Defendant never informed Plaintiff that it was a debt collector nor did it provide its business name.  *See* Exhibit A.

24. The true purpose of Defendant's call was to attempt to collect a debt from Plaintiff, something that it failed to disclose to Plaintiff in its message.  *See* Exhibit A.

25. Defendant provided phone numbers 904-383-4950 and 904-425-9625 in the voice messages, which are telephone numbers belonging to Defendant.  *See* Exhibit A.

26. Defendant's message attempts to intensify the purported severity of its call by suggesting lawsuits had been filed, suggesting Plaintiff should have legal representation, suggesting her vehicle would be seized, and suggesting urgency by instructing Plaintiff to call

back "immediately." *See* Exhibit A.

27. Defendant uses the aforementioned false, deceptive and misleading representations in connection with its attempts to collect the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

28. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b) Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its communication to Plaintiff.

   c) Defendant violated § 1692e(4) of the FDCPA by implying that nonpayment of the debt would result in seizure, garnishment or attachment of Plaintiff's property.

   d) Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   e) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

31. Actual damages pursuant to 15 U.S.C. § 1692k.

32. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, INGRID YEARBY, demands a jury trial in this cause of action.

DATED:  February 6, 2013                         RESPECTFULLY SUBMITTED,


                                                 By:  /s/ Shireen Hormozdi

                                                 Shireen Hormozdi
                                                 Krohn & Moss, Ltd
                                                 10474 Santa Monica Blvd., Suite 401
                                                 Los Angeles, CA 90025
                                                 Phone:  (323) 988-2400 x 267
                                                 Fax:  (866) 829-5083
                                                 shormozdi@consumerlawcenter.com
                                                 Attorney for Plaintiff
                                                 Florida Bar No. 0882461