IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-14055-KMM

INGRID YEARBY,

    Plaintiff,

v.

H&P CAPITAL, INC.,

    Defendant.

_____/

**FINAL DEFAULT JUDGMENT**

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Judgment (ECF NO. 10). Defendant failed to file a Response, and the time in which to do so has passed. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

Plaintiff Ingrid Yearby filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq. ("FDCPA"), seeking statutory damages and attorneys' fees for Defendant's alleged violation of five separate provisions of the FDCPA. Compl., (ECF No. 1). The record indicates that Defendant was served on February 20, 2013. To date, Defendant has not filed an answer, appeared, or otherwise defended the suit. A Clerk's Default was entered against Defendant on March 29, 2013.

A default admits all-pleaded allegations in the complaint, and requires those allegations to be taken as true. See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Those allegations must sufficiently allege a claim for relief in order to support the entry of a default judgment. See id. Further, damages are not admitted by virtue of

default; "[r]ather, the Court determines the amount and character of damages to be awarded." Wallace v. The Kiwi Group, Inc., 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citations omitted). Where, as here, the facts in the complaint are sufficient to establish liability, then the Court must conduct an inquiry to ascertain the amount of damages. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62–63 (1st Cir. 2002); Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). In the instant case, a hearing is unnecessary to determine damages as Plaintiff seek statutory damages. See Petmed Express, 336 F. Supp.2d at 1216 (citing Adolph Coors Co. v. Movement Against Racism and The Klan, 777 F.2d 1538, 1544 (11th Cir. 1985); Rolex Watch, USA, Inc. v. Brown, 2002 U.S. Dist. LEXIS 10054, 2002 WL 1226863, *2 (S.D.N.Y. 2002) (finding that where "the issue is statutory damages," the court can hold an inquest into damages "on a paper record" rather than through an in-person court hearing)). The FDCPA allows for the recovery of statutory damages, not to exceed $1,000.00 per action. 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff also seeks $3,828.50 in attorneys' fees and plus $400.00 in costs. The FDCPA provides that a successful plaintiff is entitled to reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1993). Here, Plaintiff seeks an award of attorneys' fees, comprised of 13.2 hours of attorney and paralegal time at hourly rates ranging from $145.00 per hour to $350.00 per hour. Memo. in Supp. of Mot., at 15 (ECF No. 10-1); see also Statement of Services, (ECF No.10-11). Counsel's rates are supported by the 2010–11 Consumer Law Attorney Fee Survey and the United States Attorney's Office's "Laffey Matrix." Memo. in Supp. of Mot., at 15 (ECF No. 10-1). Furthermore, the experience of Plaintiff's counsel provides support for the hourly rates requested. See Statement of Services,

(ECF No.10-11); Dec. of Shireen Hormozdi, (ECF No. 10-12); Dec. of Douglas Beck, (ECF No. 10-13).

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. See, e.g., U.S. Football League v. Nat'l Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (fee opponent must submit evidence); and Brinker v. Giuffrida, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). By failing to respond within the time frame provided, Defendant fails to meet its burden. Accordingly, this Court finds that the fees and costs requested by Plaintiff are reasonable.

For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 10) is GRANTED.
2. FINAL JUDGMENT is hereby entered in favor of Plaintiff and against Defendant in the amount of $1,000.00 in statutory damages, $3,828.50 in attorneys' fees and $400.00 in costs.
3. The Clerk of the Court shall CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of May, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

3